PROVIDENCIA SANTANA, Plaintiff and Appellee, *v.* PRENSA INSULAR, INC., and HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendants and Appellants.

No. 9487. Argued November 14, 1947.—Decided January 13, 1948.

James R. Beverly, José López Baralt and R. Rodríguez Lebrón, for appellants. Cayetano Coll Cuchí and Víctor A. Coll, for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Providencia Santana brought an action for damages against Prensa Insular, Inc., and its insurer, Hartford Accident & Indemnity Company. After a trial on the merits was held, the lower court rendered a decision adjudging the defendants to pay to the plaintiff the sum of $1,500, together with costs and $250 as attorney's fees.

According to the evidence for the plaintiff, on November 30, 1945, at about 10:00 p. m., she was standing on the edge of the southern sidewalk of Fernández Juncos Avenue, at Stop 14½, Santurce. She was a washerwoman and in the evenings she was engaged in selling the newspaper "El Imparcial." When the accident occurred there were in that place some 40 or more persons, the majority of whom were boys, who waited the arrival of the vehicle which would deliver the newspaper to them. The plaintiff saw that the truck involved in the accident traveled rather fast when it passed by Stop 12. At that moment the vehicle was moving somewhat distant from the edge of the sidewalk and, according to plaintiff's experience which extended over a period of several months, the drivers of the trucks which delivered the newspaper usually stopped them at a distance of 4 feet, 7 inches from the sidewalk. Upon reaching the place where the plain-

tiff stood, the truck came so close to the edge of the sidewalk that the right front wheel thereof struck the curb, leaving its mark there, and the body of the vehicle, which projected over the wheels, threw the plaintiff against the pavement and caused her certain injuries in the iliac region and in the left leg, in consequence of which the plaintiff suffered intense pain, had to keep her leg in a plaster cast for one month, and has for some time been prevented from earning her living.

The evidence for the defendants was to the effect that, when the plaintiff saw the approach of the truck which was bringing the newspapers, she started to run and tripped over a hook in the sidewalk; that such tripping caused her to fall at the precise moment that the vehicle passed; and that the driver of the vehicle did not see the plaintiff until after the accident had occurred.

The lower court did not accord credit to the evidence for the defendants, but upon weighing that for the plaintiff, it considered that the latter had been negligent, since, in its judgment, when she saw the defendants' vehicle approaching she should have taken one or more steps backward and by failing to do so she had contributed to the accident. However, as we have indicated, it rendered judgment for the plaintiff, applying what it called the doctrine of "inaction in the face of a sudden emergency."

■ On numerous occasions we have stated that, if a judgment is correct, it shall be upheld although the grounds set forth in the opinion rendered in support thereof are erroneous. See *Latorre* v. *Cruz*, 67 P.R.R. 696, and cases cited in the penultimate paragraph of the opinion.

· ■■ In our judgment, the final conclusion reached by the district court is correct. However, a careful examination of the transcript of evidence fails to convince us that the plaintiff was guilty of contributory negligence. The evidence shows, as we have stated, that the plaintiff stood at

the edge of the sidewalk, in a place where she was entitled to be; that she did not see the truck at the precise moment it rapidly approached the place where she was; that it was customary for the drivers of the vehicles, which delivered the newspaper ''El Imparcial,'' to stop them at a distance of several feet from the curb; and that, notwithstanding the fact that there were not less than 40 persons at that place, the driver of the truck failed to blow a horn, or to see the plaintiff when the accident occurred, and invaded the sidewalk with a part of the body of the vehicle. The negligence of the driver was clear. Under these circumstances, we do not think that the plaintiff was bound—especially since she did not see the vehicle at the time of the accident—to step backward in order to avoid being injured. See *Romañat* v. *White Star Bus Line Inc.*, 43 P.R.R. 901, 905 and *De Gracia* v. *Guardiola*, 37 P.R.R. 774, 783, as well as *García* v. *Fernández*, 52 P.R.R. 176; *Hernández* v. *Alvarado*, 41 P.R.R. 89 and *Rivera* v. *Currá*, 33 P.R.R. 925.

In view of the injuries sustained by the plaintiff and the physical pain suffered by her by reason of the accident, an award of $1500 is not excessive. *García* v. *Fernández*, *supra*, and *Arabía* v. *Lago*, 41 P.R.R. 584.

On the other hand, in a clear case of negligence as the one herein, the district court was justified in imposing attorney's fees upon the defendants. There was obstinacy on the part of the latter. Act No. 94 of May 11, 1937 (Laws of 1937, p. 229) and *Arabía* v. *Lago*, *supra*.

Since the errors assigned were not committed, the judgment appealed from should be affirmed.